UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MEHRENS,

     Plaintiff,

v.

     File No. 2:11-CV-467

     HON. ROBERT HOLMES BELL

UPPER PENINSULA PLUMBERS' AND
PIPEFITTERS' PENSION FUND and
BOARD OF TRUSTEES OF THE UPPER
PENINSULA PLUMBERS' AND
PIPEFITTERS' PENSION FUND,

     Defendants.
_____/

## **O P I N I O N**

This matter is before the Court on the motions of Defendants Upper Peninsula Plumbers' and Pipefitters' Pension Fund (the "Pension Fund") and Board of Trustees of Upper Peninsula Plumbers' and Pipefitters' Pension Fund (the "Board") to dismiss Count II of Plaintiff Michael Mehrens's second amended complaint under Federal Rule of Civil Procedure 12(b)(6).[1]  (Dkt. Nos. 29, 32.)  Plaintiff brought suit on November 23, 2011, alleging four counts pursuant to the Employee Retirement Income Security Act ("ERISA"): (1) a claim for benefits pursuant to 29 U.S.C.§ 1132(a)(1)(B); (2) estoppel; (3) failure to provide requested documents as required under § 1132(c); and (4) attorney fees pursuant to

---

[1] The Pension Fund also moved to dismiss Count III of Plaintiff's second amended complaint, as it pertained to it, in its motion to dismiss. (Dkt. No. 29.)  However, subsequent to filing the parties stipulated to the dismissal of this count as to the Pension Fund. (Dkt. No. 31.)

§ 1132(g). (Dkt. No. 1.) His complaint was amended twice, most recently on July 17, 2012. (Dkt. No. 27.) The motions to dismiss were filed on August, 1 2012, and August 8, 2012, respectively.

## I.

Mehrens is a participant in the Pension Fund. The Pension Plan provides that "[a] Participant who retires on or after July 1, 1998, and whose age plus Years of Service equals or exceeds 85, shall be eligible for Index 85 unreduced Early Retirement Benefit." (*See* Dkt. No. 27, Compl. ¶ 8.) On July 14, 2009, the Board informed Mehrens that he qualified for these unreduced Index 85 benefits. (*Id.* at ¶¶ 22, 23, 24, 25 and 28.) Key to this determination was whether Mehrens would receive credit for his years of service between 1978 and 1981, which the Board determined in the affirmative based on Mehrens's submitted pay stubs.

Mehrens subsequently initiated the application process for the Index 85 benefits on August 28, 2009. (*Id.* at ¶ 11.) However, in a September 30 letter, the Pension Fund denied Mehrens's application and provided him a "Statement of Estimated Benefits" which stated that he was only eligible for a reduced benefit. (*Id.* at ¶¶ 13, 31.) Mehrens filed multiple appeals of this denial, but the decision has not been reversed. (*Id.* at ¶ 14.) Unwilling to retire for less than the unreduced amount, Mehrens continued working. (*Id.* at ¶ 32.)

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to

state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true." *G.M. Eng'rs and Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.

Defendants challenge Plaintiff's estoppel claim. "[E]quitable estoppel may be a viable theory in ERISA cases." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 403 (6th Cir. 1998) (en banc); *see also* 29 U.S.C. § 1132(a)(3). "Principles of estoppel, however, cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions." *Sprague*, 133 F.3d at 404. Estoppel in the context of pension cases is only appropriate "where the representation was made in writing and where the plaintiff can demonstrate extraordinary circumstances." *Bloemker v. Laborers' Local 265 Pension Fund*, 605 F.3d 436, 440 (6th Cir. 2010). There are five elements to a traditional estoppel claim:

> 1) conduct or language amounting to a representation of material fact; 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Id.* at 442 (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1298 (6th Cir.1991)). However, a necessary prerequisite to an estoppel claim is that the claimant "will suffer injury or prejudice by the repudiation or contradiction [of the false representation] or the assertion of a claim inconsistent therewith." 31 C.J.S. *Estoppel and Waiver* § 94.

Plaintiff makes five possible estoppel claims: (1) the Board should be estopped from disclaiming the statements made in the July 14 letter (Dkt. No. 27, Compl. ¶ 43); (2) the

4

Board should be estopped from enforcing any provisions of the Pension Fund which required Mehrens to terminate his employment before he would be eligible (*Id.* at ¶ 44); (3) the Board should be estopped from claiming that Mehrens did not sign an application for unreduced benefits (*Id.* at ¶ 45); (4) the Board should be estopped from claiming that Mehrens did not complete the application process on August 29, 2009 (*Id.* at ¶ 46); and (5) the Board should be estopped from arguing that Mehrens should not receive credit for the work he performed from 1978 through 1981 (*Id.* at ¶ 51).

None of these claims are appropriate for estoppel. First, the second prong for estoppel requires an allegation that "the defendant's actions 'contain[ed] an element of fraud, either intended deception or such gross negligence as to amount to constructive fraud.'" *Bloemker*, 605 F.3d at 443 (quoting *Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 431 (6th Cir. 2007)). Plaintiff's position is that the July 14 letter *was accurate*. (Dkt. No. 29, at 6 (citing Dkt. No. 27, Compl. ¶¶ 26, 34-37).) Plaintiff himself admits that "Mr. Mehrens *is* entitled to the benefits *under the terms of the Plan*." (Dkt. No. 33, at 7.) Thus, there can be no estoppel based on the July 14 letter because Plaintiff is alleging that the representations therein were accurate.

As for Plaintiff's second estoppel claim, Plaintiff has not alleged any misrepresentation by the Board concerning the need to terminate employment before becoming eligible for benefits. The only alleged misrepresentation is the Board's September 30 notice that Mehrens was not eligible for unreduced benefits. Plaintiff has alleged that he

5

continued working and did not terminate employment based on that misrepresentation. But Plaintiff has not alleged that the Board ever told him that he could remain employed and still be eligible for benefits retroactive to August 29, 2009. Whether Defendants will now raise that argument in this case has no bearing on an estoppel claim.[2] Estoppel is not appropriate when a plaintiff is trying to prevent a defendant from raising a possible argument rather than trying to prevent a defendant from repudiating a misrepresentation.

Plaintiff's third claim is equally inappropriate for estoppel. It regards another argument that might be raised: the Board's potential claim that Mehrens did not sign an application for unreduced benefits. Again, Plaintiff has not alleged any misrepresentation. He does not allege that the Board ever represented to him that he had signed an application for unreduced benefits. In fact, Plaintiff's allegation is that he was never offered an application for unreduced benefits so he never had a chance to sign such an application. (*Id.* at ¶ 31.) All he did was send in a "Request for Application" to receive the unreduced benefits. (*Id.* at ¶ 30.) In return, he alleges he was offered an application for *reduced* benefits, which he refused to sign. (*Id.* at ¶ 33.) Whether the Board *should have* offered him an application for unreduced benefits is irrelevant to this estoppel claim. Because Plaintiff alleged he never was offered such an application and because Plaintiff has not alleged a misrepresentation regarding his signing of an application, Plaintiff cannot make out an estoppel claim on this ground.

---

[2]Additionally, whether this argument was waived by the failure of the Board to raise it during the administrative appeal process (Dkt. No. 30, at 8) is irrelevant for the purposes of a 12(b)(6).

Plaintiff's fourth claim is that the Board should be estopped from claiming that Mehrens did not complete the application process on August 29, 2009. Plaintiff has not alleged that the Board ever told him that he had completed the application process on this date. The Board instead "acknowledged receipt" of his application, "which initiated his request for Index 85 benefits." (*Id.* at ¶ 30.) However, it responded by offering an application for *reduced* benefits. This is not a misrepresentation. Nor has Plaintiff alleged detrimental reliance based on such a misrepresentation. Plaintiff has alleged that after his application process he continued working, but that suggests reliance on the Board's allegedly improper offer of reduced benefits, not reliance on any representation by the Board that his application for unreduced benefits was complete. An estoppel claim cannot be based on such allegations.

Last, Plaintiff claims the Board should be estopped from arguing that Mehrens should not receive credit for the work he performed from 1978 through 1981. However, Mehrens's asserted reason for this estoppel claim is not any misrepresentation by the Board but instead his contention that he should not be prejudiced by the Board's failure to secure contributions from his employers during those years. (Dkt. No. 33, at 8.) To the extent that Mehrens is alleging it was a misrepresentation and/or inaccurate for the September letter to claim that he should not receive credit for those years, this is not a misrepresentation on which estoppel would provide Plaintiff with relief. The granting of estoppel would bar the Board from changing the position it took in that letter. But that is not what Mehrens seeks; he wants the

7

Board to reverse that position. In other words, Plaintiff has not alleged that he "will suffer injury or prejudice by the repudiation or contradiction" of the alleged misrepresentation in the September letter. 31 C.J.S. *Estoppel and Waiver* § 94. In fact, he will only suffer injury if the Board does not repudiate that position.

**IV.**

While Plaintiff is correct that the Court may grant "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3), the Sixth Circuit has noted that such relief is only "appropriate" when "an award of individual benefits pursuant to § 1132(a)(1)(B) could not provide an adequate remedy for the alleged injury to the plaintiffs." *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840 (6th Cir. 2007). Here, Plaintiff has an adequate remedy under § 1132(a)(1)(B) if his allegations in Count I prove true.

Even ignoring the viability of Plaintiff's Count I ERISA claim, Plaintiff has failed state a claim for equitable estoppel. All five estoppel claims raised in Count II fall short on at least one element necessary to make out an equitable estoppel claim, and many of them fall short on multiple elements. Additionally, Plaintiff has not alleged "extraordinary circumstances," which is necessary for an estoppel claim to succeed in the ERISA context. *See Bloemker*, 605 F.3d at 440.

Consequently, Defendants' motions to dismiss will be granted, and Count II of Plaintiff's second amended complaint will be dismissed. Defendants also seek attorneys fees and reasonable costs incurred in this matter in accordance with 29 U.S.C. § 1132(g)(1). (Dkt.

No. 34, at 3.)  The Court, in its discretion, declines to award such fees.

    An order will be entered consistent with this opinion.


Dated: October 22, 2012                        /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE