UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL MEHRENS,

    Plaintiff,

v.

File No. 2:11-CV-467

HON. ROBERT HOLMES BELL

UPPER PENINSULA PLUMBERS' AND
PIPEFITTERS' PENSION FUND and
BOARD OF TRUSTEES OF THE UPPER
PENINSULA PLUMBERS' AND
PIPEFITTERS' PENSION FUND,

    Defendants.
_____/

**OPINION**

On May 29, 2013, the Court granted Plaintiff Michael Mehrens' motion for judgment on the administrative record. (Dkt. Nos. 51-52.) On June 10, 2013, the parties filed a joint motion for reconsideration. (Dkt. No. 54.) In granting the motion for judgment on the administrative record, the Court erroneously stated that the parties have stipulated to the dismissal of Count 3 (failure to provide requested documents as required under 29 U.S.C. § 1132(c)). (Dkt. No. 51, at 1.) In actuality, the parties have stipulated to the dismissal of Count 3 as against *only* Defendant Peninsula Plumbers' and Pipefitters' Pension Fund (the "Pension Fund"). (Dkt. Nos. 30-31.) Count 3 has not been resolved as to Defendant Board of Trustees of the Upper Peninsula Plumbers' and Pipefitters' Pension Fund (the "Board"). Accordingly, the joint motion for reconsideration will be granted, and Count 3 as it pertains to the Board will be resolved at this time.

According to ERISA:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1). The parties agree that on October 8, 2010, Plaintiff requested in writing all documents that were relied upon for the review and denial of his claim, all Plan documents, and all documents that would be included in the administrative record. (Second Am. Compl. ¶ 53; Board's Answer ¶ 53.) While the Board provided many plan documents in response, it did not provide the Amended and Restated Agreement and Declaration of Trust Upper Peninsula Plumbers and Pipefitters' Pension Fund (As Amended and Restated as of September 1, 1982) ("Declaration of Trust") (Dkt. No. 14, Ex. A, at PageID# 71-96). Pursuant to 29 U.S.C. § 1024(b)(4), upon a written request, the Board was obligated to furnish a copy of any trust agreement under which the Plan was established or operated. The Declaration of Trust, as a Plan document,[1] was plainly within the scope of Plaintiff's request, and thus the Board is liable under § 1132(c)(1) for failing to furnish a copy to Plaintiff when requested.

As a result of the Board's failure, the Court, in its discretion may award up to $100 a day to Plaintiff for each day from the date of the failure to provide the Declaration of Trust.

---

[1]The Board admits that the Declaration of Trust is a Plan document. (*See* Dkt. No. 47, at 9.)

§ 1132(c)(1). Federal regulations have increased the maximum amount of the award to $110 per day. 29 C.F.R. § 2575.502c-1. However, even where liability is undisputed the Court may choose not to award any damages. "Although prejudice is not a prerequisite for the imposition of nondisclosure penalties under 29 U.S.C. § 1132(c), courts properly may consider detrimental reliance or prejudice before imposing penalties under 29 U.S.C. § 1132(c)." *Lesman v. Ransburg Corp.*, 719 F. Supp. 619, 622 (W.D. Mich. 1989) (Bell, J.). In the absence of prejudice or detrimental reliance, the Court may choose not to penalize the plan administrator under § 1132(c)(1). *Id.* While the Board's failure to furnish the Declaration of Trust when requested is inexcusable and not condoned, the Court finds that no prejudice resulted from this failure. The furnishing of the Declaration of Trust when requested would not have prevented litigation because the document's only relevance to this case is to the appropriate standard of review in this Court. Moreover, at the time of litigation the Court had access to the Declaration of Trust and found that the arbitrary and capricious standard of review was appropriate whether the Court considered the Declaration of Trust or not. Last, Plaintiff has not been prejudiced because he has prevailed in this Court on his claim for benefits pursuant to 29 U.S.C.§ 1132(a)(1)(B). (*See* Dkt. Nos. 51, 52.) Accordingly, the Court, in its discretion, will not award damages for the Board's violation of 29 U.S.C. § 1132(c)(1).

An order consistent with this opinion will be entered.


Dated: June 18, 2013             /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE